893 F.2d 1334
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Andy DOTSON, Petitioner
v.
DOTSON COAL COMPANY; Old Republic Insurance Companies;
Director, Office of Workers Compensation Programs;
United States Department of Labor, Respondents
 No. 89-3157.
 United States Court of Appeals, Sixth Circuit.
 Jan. 23, 1990.
 
 Petition for Review from United States Department of Labor Benefits Review Board, BRB, 86-2732 BLA.
 Before MERRITT, Chief Judge, KENNEDY, Circuit Judge, and R. ALLAN EDGAR, District Judge*.
 MERRITT, Chief Judge.
 
 
 1
 Claimant appeals the denial of black lung benefits. Because we hold that the ALJ did not abuse his discretion in closing the record and that there is substantial evidence supporting the decision of the Board, we affirm the judgment below.
 
 
 2
 The hearings and presentation of evidence before the ALJ spanned several months. Eventually, the ALJ decided on August 21, 1986, to close the record as of August 27, 1986. On August 26, 1986, counsel for the claimant mailed a rereading of certain x-ray evidence, but it did not arrive until after the closing date. He had another doctor, Dr. Joseph Stokes, mail another rereading on the same date directly to the ALJ, but it too did not arrive until after the closing date. J.A. at 49, 51. On August 28, 1986, counsel for the company wrote to the judge and formally challenged these reports as untimely because none of this x-ray evidence arrived by the date for closing of the record.
 
 
 3
 From an adverse ALJ decision, claimant's counsel filed for reconsideration on grounds that the ALJ did not consider the evidence which arrived after August 27, 1986. The ALJ denied the motion. In his opinion the ALJ said, "Orders are made to be enforced and not bent, particularily [sic ] in a case like this where Counsel had a Post-Hearing period of six (6) months to acquire and submit new evidence.... Everything must come to a close and for this case the date was August 27, 1986." J.A. at 53. On appeal, the Benefits Review Board held that the ALJ acted within his discretion to close the record and ignore the late evidence, and affirmed the ALJ's decision.
 
 
 4
 The standard of review for an ALJ's procedural decision is "abuse of discretion" or "arbitrary and capricious" action. See 5 U.S.C. Sec. 706 (1988) (Administrative Procedure Act); 20 C.F.R. Sec. 725.455(c) (1989) (Department of Labor regulations). The ALJ's decision to close the record on a date certain is not arbitrary or an abuse of discretion. Claimant does not refer us to a case in which a refusal to accept evidence tendered by mail and received after the record-closing date was held to constitute an abuse of discretion; nor does he assert that he did not receive adequate notice that the record would close.
 
 
 5
 In addition, we do not consider this evidence crucial to the case. The reports do not appear to establish conclusively that claimant has pneumoconiosis. One doctor says that claimant has parenchymal abnormalities consistent with the disease but he has no pleural abnormalities consistent with it. J.A. at 49. The other report says that claimant has "changes [that] could be consistent with minimal pneumoconiosis." J.A. at 51. These do not appear to be findings that would cause us to reverse the decision below even if the evidence had been submitted in timely fashion.
 
 
 6
 Accordingly, the decision below is AFFIRMED.
 
 
 
 *
 The Honorable R. Allan Edgar, Judge of the United States District Court for the Eastern District of Tennessee, sitting by designation